UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 17-11524-LTS |
| KEYSTONE ELEVATOR SERVICE & MODERNIZATION, LLC, GARY F. O'BRIEN, and CATAMOUNT BUILDERS, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO DISMISS AND
MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NOS. 14 AND 21)

May 16, 2018

SOROKIN, J.

Plaintiff Admiral Insurance Company ("Admiral") issued a "Commercial Lines Policy" (the "policy") to Defendant Keystone Elevator Service & Modernization, LLC ("Keystone"), a sub-contractor. Doc. No. 23 ¶ 17. The policy included a "Condominium Conversion Exclusion" endorsement (the "endorsement" or "exclusion"), which excluded coverage of

> liability arising in whole or in part, either directly or indirectly, out of any past, present or future job or project performed by or on behalf of any insured or others involving the construction, repair, remodeling, renovation, maintenance, change or modification of any structure, if the structure <u>is or has been converted, changed or modified at any time</u> by or on behalf of any insured or others <u>to condominiums</u>, townhomes or townhouses.

Doc. No. 23-3 (emphasis added). Admiral now brings this action seeking a declaration that it is not obligated to defend or indemnify Keystone for liabilities arising from elevator decommissioning work that Keystone performed on a construction project overseen by

Defendant Catamount Builders, Inc. ("Catamount"). Doc. No. 23 at 4-5.[1] Defendant O'Brien moves to dismiss for failure to state a claim. Doc. No. 14. Keystone, joining arguments advanced by O'Brien and filing its own memorandum, moves for judgment on the pleadings. Doc. No. 21. Catamount joins both of these motions. Doc. No. 36.

The parties agree that the endorsement constitutes an exclusion from coverage of liability under the policy. Settled law instructs that (1) "[e]xclusions from coverage are to be strictly construed" and that (2) "[a]ny ambiguity in the somewhat complicated exclusions must be construed against the insurer." Mt. Airy Ins. Co. v. Greenbaum, 127 F.3d 15, 19 (1st Cir. 1997) (quoting Sterilite Corp. v. Continental Cas. Co., 458 N.E.2d 338, 342 n.10 (Mass. App. Ct. 1983)); see also Utica Mut. Ins. Co. v. Herbert H. Landry Ins. Agency, Inc., 820 F.3d 36, 42 (1st Cir. 2016) (noting that the rule of construing an insurance policy in favor of the insured "applies with particular force to exclusionary provisions" (quoting Metropolitan Prop. & Cas. Ins. Co. v. Morrison, 460 Mass. 352, 363 (2011))). Settled law also advises that "every word must be presumed to have been employed with a purpose and must be given effect whenever practicable." Metropolitan, 460 Mass. at 362 (internal citation and formatting omitted).

All parties agree for present purposes that the exclusion's language—"has been converted, changed or modified at any time … to condominiums"—would preclude coverage of liability arising in relation to work on a building that already had been converted from apartments to condominiums. The parties also agree that the apartment building in which Mr.

---

[1] Defendant Gary O'Brien has sued Catamount and Keystone in state court for negligence causing O'Brien "to sustain severe and disabling personal injuries when the improperly decommissioned elevator system … suddenly fell and came to a sudden stop." Doc. No. 23-1 ¶¶ 7, 11-12. Catamount's insurer, United Specialty Insurance Company, seeks declaratory judgment on the basis of an "Apartment Building Conversion" exclusion in the policy held by Catamount; that separate action is pending in this Court. Doc. No. 23-2.

2

O'Brien's injuries occurred had not yet been so converted. Rather, the parties dispute whether the exclusion encompasses an apartment building that is in the process of being converted to condominiums and, if so, whether the construction project here involved a building being converted to condominiums at the time of Keystone's work. The first of these issues hinges on the Court's interpretation of the phrase "is … converted, changed or modified at any time[.]" "As the First Circuit has observed, '[a] policy provision will not be deemed ambiguous simply because the parties quibble over its meaning. Rather, a policy provision is ambiguous only if it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one.'" Talbots, Inc. v. AIG Specialty Ins. Co., 283 F.Supp.3d 8, 12-13 (D. Mass. 2017) (internal citation omitted). The exclusion presents such an ambiguity.

Admiral argues that "is … converted, changed or modified" must be accorded meaning separate and distinct from the meaning of "has been converted, changed or modified," such that the exclusion must apply to a structure that is in the process of being converted, changed or modified to condominiums. Doc. No. 39 at 2-3. By Admiral's own admission, Admiral reaches this understanding by implying a word absent from the exclusion's text. See Doc. No. 24 at 5 (arguing that "is … converted … to condominiums" must be interpreted as "is being converted to condominiums" (emphasis added)). However, whereas the exclusion is susceptible to multiple readings, the Court must narrowly construe it and resolve the ambiguity against the drafter-insurer. These rules of construction do not permit the Court to read into the exclusion present-tense language that would alter the exclusion's scope, where the drafter omitted such language.

By those same principles of interpretation, the Court also rejects the broadening of "is … converted … to condominiums" to apply retroactively to a structure that at any later time is converted into condominiums. Indeed, this reading would make little sense in the context of an

3

occurrence-based policy such as the policy here. Construing the ambiguity against the drafter requires the Court to read the exclusion as describing the structure at the time of the occurrence giving rise to a claim for coverage, rather than to leave as open-ended the possibility of future exclusion from coverage based on subsequent but yet-unforeseen changes to the structure.

The Court instead adopts the construction advanced by the Defendants, which comports best with the rules of interpretation of insurance policy exclusions. The phrase "if the structure is or has been converted, changed or modified at any time" describes *completed* structural changes, both by its use of past-tense actions and by its omission of any language suggesting applicability to in-progress changes. Admittedly, under this reading, "has been converted" subsumes "is converted"; a building that presently houses condominiums following a conversion (i.e., "is converted") also "has been converted" by necessity. However, an overlap in meaning does not alone render either part of the phrase superfluous, useless, or inexplicable, as Admiral alleges.[2] In any event, while courts endeavor to give each word a distinct meaning, "insurance lawyers frequently say two (or more) things when one will do or say two things as a way of emphasizing one point." TMW Enterprises, Inc. v. Federal Ins. Co., 619 F.3d 574, 578 (6th Cir. 2010) (acknowledging also that courts, too, are prone to redundancy).

In reaching its construction, the Court considers, but does not find instructive, the exclusion's title, "Condominium Conversion Exclusion." This title alone does not clarify whether the exclusion applies to (1) structures that already are or have been converted to

---

[2] For instance, in his supplemental memorandum, O'Brien argues that Admiral "does not, and cannot, allege that the structure at issue <u>was or had ever been converted</u> to a condominium at the time the work was performed or even at the time of the incident," Doc. No. 37 at 2 (emphasis added), suggesting a possible temporal difference between instances of completed conversion.

4

condominiums or (2) structures that have been or are being converted to condominiums. Like the exclusion's text, the title does not unambiguously suggest exclusion of the latter category.

The Court interprets the exclusion strictly to encompass structures already converted to condominiums, and not structures in the process of being converted to condominiums. Therefore, Admiral's complaint fails to state a claim for declaratory relief, because it does not allege an exclusion that plausibly could apply to Keystone's work on the structure in this case. It is therefore DISMISSED.

Separately, Keystone requests that the Court award its legal expenses incurred as a result of this declaratory judgment action. Doc. No. 22 at 12. "[T]o be entitled to collect attorney's fees expended in connection with duty to defend litigation, the insured need only show that the insurer was obligated to undertake the defense of the case." Wilkinson v. Citation Ins. Co., 447 Mass. 663, 670 (2006). This entitlement extends to an insured party in a declaratory judgment action instituted by the insurer in which the insured party prevails in establishing the insurer's duty to defend litigation. Id. at 670-71 (citation omitted). Here, by establishing the inapplicability of the exclusion that Admiral invoked, Keystone has "establish[ed] [Admiral's] continuing duty to defend" and is thus entitled to recover its legal expenses from Admiral.

\* \* \*

For the foregoing reasons, O'Brien's motion to dismiss (Doc. No. 14) is ALLOWED, Keystone's motion for judgment on the pleadings (Doc. No. 21) is ALLOWED, the claims against Catamount are DISMISSED, and Keystone's request for attorney's fees (Doc. No. 21) is ALLOWED.  Keystone shall file its request within 14 days, and Admiral shall file any response within 14 days thereafter.

                                              SO ORDERED.

                                           /s/ Leo T. Sorokin
                                          Leo T. Sorokin
                                          United States District Judge